

OFFICE OF INSTITUTIONAL EQUITY AND COMPLIANCE

**PERSONAL AND CONFIDENTIAL**

August 12, 2016

▇▇▇▇▇▇

*Sent via email:* ▇▇▇▇▇▇

Dear ▇▇▇▇▇▇,

This letter is to inform you of the outcome of the investigation into a complaint of sexual misconduct you filed with our office. Specifically, you alleged your advisor ("Respondent") engaged in the following behavior directed toward you in violation of RP-2.1.8, Section 6(bb), Sexual Harassment: First, in December 2015, Respondent kissed you on the lips and told you he loved you. Second, during the summer 2015, Respondent told you he wanted to kiss you on at least 20-30 occasions. Third, during the summer 2015, Respondent kicked you in the leg on at least 20-30 occasions. Fourth, during the summer 2015, Respondent told you he loved you multiple times. Fifth, in September 2015, Respondent sent you the link to a romantic movie. Sixth, Respondent's decision to move your name from first author to second author on your research paper was a result of your rejection of Respondent's sexual advances directed toward you.

Pursuant to Nebraska Board of Regents Policy, RP-2.1.8, Sexual Harassment is defined as *"unwelcome conduct or behavior of a sexual nature. Sexual harassment can include unwelcome sexual advances, requests for sexual favors and other verbal, nonverbal, or physical conduct of a sexual nature. Conduct that is sufficiently serious to limit or deny a person's ability to participate in or benefit from the University's educational program creates a hostile environment, and is prohibited."* In order to determine whether Respondent violated UNL's policy prohibiting sexual misconduct, the standard of proof required is a preponderance of evidence, i.e., the evidence demonstrates that it is more likely than not that the conduct occurred. Based on the totality of the circumstances and the information obtained pursuant to this investigation, and based on a preponderance of the evidence standard of proof, IEC concludes the greater weight of the evidence shows Respondent violated UNL's policy.

This conclusion is based upon the following evidence: it is undisputed Respondent was your advisor and had a supervisory, evaluative role over you at the time you alleged Respondent engaged in sexually harassing behavior toward you. Based upon the investigation, IEC concludes:

- First, in December 2014, it is undisputed between the parties Respondent kissed you on the lips while the parties were in Respondent's office.
- Second, during the summer 2015, the greater weight of the evidence shows Respondent told you on multiple occasions he wanted to kiss you. Even though neither party provided witnesses who had information regarding the allegation, the electronic conversation between the parties reflect Respondent's use of romantic emojis (emoji to reflect kissing) and phrases conveying a desire to kiss you.

- Third, based upon the information regarding Respondent kicking or nudging you when you got something wrong in your research or work, the greater weight of the evidence shows Respondent nudged you in a playful manner rather than forcefully kicked you. When IEC initially interviewed you, you demonstrated how Respondent kicked you. At that time, you indicated it was not a forceful kick. Respondent indicated he nudged you playfully and did not kick you.
- Fourth, based upon the information obtained during the investigation, IEC is unable to determine by the greater weight of the evidence whether Respondent told you he loved you on multiple occasions. Respondent asserts he told you he liked you, but indicated the word for like and love are the same in ▮▮▮▮▮ As such, IEC is unable to make a determination on the specific meaning Respondent intended when speaking to you.
- Fifth, it is undisputed between the parties Respondent sent you a link to a romantic movie.
- Sixth, based upon the information obtained during the investigation, the greater weight of the evidence shows Respondent's decision to move you from first author to second author was not retaliatory based upon your rejection of his sexual advances. The greater weight of the evidence shows Respondent's decision was based on your subpar work product on the paper relative to the work of the co-author on the paper.

Based upon IEC's finding, IEC is making the following recommendation: due to the delay in your coursework caused by you changing advisors, the graduate school will cover tuition and fees for the remaining six (6) credit hours needed to complete your Master's program. Moreover, as a result of this investigation, you were assigned a new advisor.

If you disagree with this finding, you have the option to request a hearing or administrative resolution. Requests for hearing or administrative resolution must be made within seven (7) University business days to the Interim Senior Vice Chancellor of Academic Affairs. If you do not request administrative resolution or a hearing within seven (7) University business days, the determination will become final.

Please be assured the University takes complaints seriously and strives to ensure students, staff and faculty are safe and treated fairly.

The University prohibits retaliation against persons who have filed complaints or persons who have provided information during the course of an investigation. You should not be subjected to any retaliatory conduct as a result of the complaint you filed. If you have any questions or concerns, please feel free to call me.

Sincere regards,

*[signature]*

Tami Strickman
Title IX Investigator

cc: Lance Perez, Interim Dean, College of Engineering
    Lily Wang, Associate Dean, College of Engineering
    Marjorie Kostelnik, Interim Senior Vice Chancellor for Academic Affairs
    Judy Walker, Interim Associate Vice Chancellor for Academic Affairs