IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA; and<br>individuals TAMIKO STRICKMAN and JOHN ROE, individually and in their official capacities; and OTHER UNIDENTIFIED DEFENDANTS;<br><br>    Defendants. | **CASE NO. 4:21-CV-3049**<br><br>**ANSWER TO SECOND AMENDED COMPLAINT** |

  COME NOW Defendants the Board of Regents of the University of Nebraska ("Board of Regents") and Tamiko Strickman ("Strickman"), collectively referred to as "Defendants," and for their Answer to Plaintiff's Second Amended Complaint (the "Complaint"), admits, denies and alleges as follows:

  1. Defendants admit Paragraph 1 of Plaintiff's Complaint.

  2. Defendants deny Paragraph 2 of Plaintiff's Complaint.

  3. In response to Paragraph 3 of the Complaint, Defendants state the allegations set forth in Paragraph 3 contain legal conclusions to which no response is required, and therefore deny the same.

  4. In response to Paragraph 4 of the Complaint, Defendants state the allegations set forth in Paragraph 4 contain legal conclusions to which no response is required, and therefore deny the same.

  5. In response to Paragraph 5 of the Complaint, Defendants admit and further allege that Institutional Equity and Compliance serves as the Civil Rights office for the University of Nebraska-Lincoln and handles matters that involve forms of discrimination and/or harassment based on protected status and any form of sexual misconduct. Defendants deny the remaining allegations contained in Paragraph 5 of the Complaint.

6. Defendants deny Paragraph 6 of Plaintiff's Complaint.

7. Defendants deny Paragraph 7 of Plaintiff's Complaint.

8. Defendants deny Paragraph 8 of Plaintiff's Complaint.

9. Defendants deny Paragraph 9 of Plaintiff's Complaint.

10. Defendants deny Paragraph 10 of Plaintiff's Complaint.

11. In response to Paragraph 11 of the Complaint, Defendants admit that this is an action in which Plaintiff purports to seek redress, in part, under Title IX, but Defendants deny there is any proper factual or legal basis for such claims in this case, that Defendants violated Title IX, or that Plaintiff is entitled to relief. Defendants deny the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. In response to Paragraph 12 of the Complaint, Defendants admit that this is an action in which Plaintiff purports to seek redress, in part, under the Fourteenth Amendment, but Defendants deny there is any proper factual or legal basis for such claims in this case, that Defendants violated Title IX, or that Plaintiff is entitled to relief. Defendants deny the remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants deny Paragraph 13 of the Complaint.

14. In response to Paragraph 14 of the Complaint, Defendants admit that this Court has subject matter jurisdiction over Plaintiff's claims under 28 U.S.C. § 1331 and personal jurisdiction over Defendants, but denies that there is any proper factual or legal basis for Plaintiff's claims in this case and reasserts and does not waive the affirmative defenses set forth herein asserting lack of jurisdiction. Defendants deny the remaining allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. In response to Paragraph 15 of the Complaint, Defendants admit that, generally, this Court may have supplemental jurisdiction over state law claims, pursuant to 28 U.S.C. § 1367, but deny that there are any state law claims asserted or alleged by Plaintiff over which this Court would need to exercise supplemental jurisdiction.

16. In response to Paragraph 16 of the Complaint, Defendants state the allegations set forth in Paragraph 16 contain legal conclusions to which no response is required, and therefore deny the same.

17. In response to Paragraph 17 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 17 of Plaintiff's Complaint, and therefore deny the same.

18. Defendants admit Paragraph 18 of the Complaint.

19. Defendants admit Paragraph 19 of the Complaint.

20. Defendants admit Paragraph 20 of the Complaint.

21. Defendants admit Paragraph 21 of the Complaint.

22. In response to Paragraphs 22, 23, 24, 25, 26, 27, 28 and 29 of the Complaint, Defendants state the allegations set forth therein contain legal conclusions and opinions to which no response is required, and therefore deny the same.

23. In response to Paragraph 30 of the Complaint, Defendants admit that Plaintiff is an adult and a former student at the University of Nebraska—Lincoln ("University"). Defendants are without sufficient information or knowledge to admit or deny the remaining allegations of Paragraph 30 of Plaintiff's Complaint, and therefore deny the same.

24. In response to Paragraph 31 of the Complaint, Defendants admit that BRUN is the governing body of the University of Nebraska, including University of Nebraska-Lincoln. Defendants further admit and allege that University of Nebraska-Lincoln is located in Lincoln, Lancaster County, Nebraska. Defendants deny the remaining allegations contained in Paragraph 31 of the Plaintiff's complaint.

25. In response to Paragraphs 32 and 33 of the Complaint, Defendants admit that Strickman was employed in various capacities from January of 2014 through January of 2020, except for a brief period in 2016. Defendants deny the remaining allegations contained in Paragraphs 32 and 33 of the Complaint.

26. In response to Paragraph 34 of the Complaint, Defendants admit that John Roe was a Professor of Engineering Mechanics at the University of Nebraska—Lincoln from January 2014 through December of 2017. Defendants deny the remaining allegations contained in Paragraph 34 of the Complaint.

27. Defendants admit Paragraph 35 of the Complaint.

28. Paragraph 36 of the Complaint does not require a response. To the extent a response is required, Defendants deny the allegations set forth therein.

29. Defendants admit Paragraph 37 of the Complaint.

30. In response to Paragraph 38 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 38 of Plaintiff's Complaint, and therefore deny the same.

31. In response to Paragraph 39 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 39 of Plaintiff's Complaint, and therefore deny the same.

32. In response to Paragraph 40 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 40 of Plaintiff's Complaint, and therefore deny the same.

33. In response to Paragraph 41 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 41 of Plaintiff's Complaint, and therefore deny the same.

34. In response to Paragraph 42 of the Complaint, Defendants admits that Plaintiff was admitted to the University's Engineering department. Defendants deny the remaining allegations contained therein.

35. Defendants deny Paragraph 43 of the Complaint.

36. In response to Paragraph 44 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 44 of Plaintiff's Complaint, and therefore deny the same.

37. Defendants admit Paragraph 45 of the Complaint.

38. In response to Paragraph 46 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations contained in Paragraph 46 of Plaintiff's Complaint, and therefore deny the same.

39. Defendants deny Paragraph 47 of the Complaint.

40. Defendants deny Paragraph 48 of the Complaint.

41. Defendants deny Paragraph 49 of the Complaint.

42. Defendants deny Paragraph 50 of the Complaint.

43. In response to Paragraph 51 of the Complaint, Defendants deny the stated allegations and further allege that, on June 21, 2016, Plaintiff met with Laurie Bellows, who was Associate Dean, Office of Graduate Students at the University and reported certain conducts and behaviors of John Roe.

44. Defendants admit Paragraph 52 of the Complaint,

45. In response to Paragraph 53 of the Complaint, Defendants admit that, IEC expressed to Plaintiff that, due to the delay in Plaintiff's coursework caused by Plaintiff changing advisors, the University (the graduate school) would cover tuition and fees for the remaining six (6) credit hours needed to complete her Master's program. Moreover, Defendants further allege that IEC notified Plaintiff that she was also assigned a new advisor. Defendants deny the remaining allegations contained in Paragraph 53 of the Complaint.

46. Defendants deny Paragraph 54 of the Complaint.

47. In response to Paragraph 55 of the Complaint, at this time, Defendants are without sufficient information or knowledge to dent Paragraph 55 of the Complaint, and therefore deny the same.

48. Defendants deny Paragraph 56 of the Complaint.

49. Defendants deny Paragraph 57 of the Complaint.

50. Defendants deny Paragraph 58 of the Complaint.

51. In response to Paragraph 59 of the Complaint, Defendants admit that on March 7, 2017, Plaintiff sent an email to Tami Strickman. Defendants deny the remaining allegations set forth in Paragraph 59 of the Complaint.

52. In response to Paragraph 60 of the Complaint, Defendants admit that Strickman responded to Plaintiff's March 7, 2017 email. Defendants deny the remaining allegations contained therein.

53. In response to Paragraph 61 of the Complaint, Defendants admit that Strickman responded to Plaintiff's March 7, 2017 and carbon copied Eric Fischer to the email. Defendants deny the remaining allegations set forth in Paragraph 61 of the Complaint.

54. Defendants admit Paragraph 62 of the Complaint.

55. Defendants deny Paragraph 63 of the Complaint.

56. Defendants deny Paragraph 64 of the Complaint.

57. In response to Paragraph 65 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 65 of Plaintiff's Complaint, and therefore deny the same.

58. In response to Paragraph 66 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 66 of Plaintiff's Complaint, and therefore deny the same.

59. Defendants deny Paragraph 67 of the Complaint.

60. Defendants deny Paragraph 68 of the Complaint.

61. Defendants deny Paragraph 69 of the Complaint.

62. In response to Paragraph 70 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 70 of Plaintiff's Complaint, and therefore deny the same.

63. In response to Paragraph 71 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 71 of Plaintiff's Complaint, and therefore deny the same.

64. Defendants deny Paragraph 72 of the Complaint.

65. Defendants deny Paragraph 73 of the Complaint.

66. Defendants deny Paragraph 74 of the Complaint.

67. Defendants deny Paragraph 75 of the Complaint.

68. Defendants admit Paragraph 76 of the Complaint.

69. Defendants deny Paragraph 77 of the Complaint.

70. Defendants deny Paragraph 78 of the Complaint.

71. Defendants deny Paragraph 79 of the Complaint.

72. Defendants deny Paragraph 80 of the Complaint.

73. In response to Paragraph 81 of the Complaint, Defendants admit that, on March 14, 2018, Plaintiff sent the email to Strickman, which is *Filing No. 1-25*. Defendants deny the remaining allegations contained in Paragraph 81 of the Complaint.

74. In response to Paragraph 82 of the Complaint, Defendants admit that, on March 14, 2018, Strickman responded to the email referred to in Paragraph 73 above. Defendants deny the remaining allegations contained in Paragraph 82 of the Complaint.

75. Defendants deny Paragraph 83 of the Complaint.

76. Defendants deny Paragraph 84 of the Complaint.

77. Defendants deny Paragraph 85 of the Complaint.

78. In response to Paragraph 86 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 86 of Plaintiff's Complaint, and therefore deny the same.

79. Defendants deny Paragraph 87 of the Complaint.

80. Defendants deny Paragraph 88 of the Complaint.

81. Defendants deny Paragraph 89 of the Complaint.

82. In response to Paragraph 90 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 90 of Plaintiff's Complaint, and therefore deny the same.

83. In response to Paragraph 91 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 91 of Plaintiff's Complaint, and therefore deny the same.

84. In response to Paragraph 92 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 92 of Plaintiff's Complaint, and therefore deny.

85. Defendants deny Paragraph 93 of the Complaint.

86. Defendants restate and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 93 as though fully set forth herein, and deny Paragraph 94 of the Complaint.

87. Defendants deny Paragraph 95 of the Complaint.

88. Defendants deny Paragraph 96 of the Complaint.

89. Defendants deny Paragraph 97 of the Complaint.

90. Defendants deny Paragraph 98 of the Complaint, including the subsets a through d.

91. Defendants deny Paragraph 99 of the Complaint.

92. Defendants deny Paragraph 100 of the Complaint.

93. Defendants deny Paragraph 101 of the Complaint.

94. Defendants deny Paragraph 102 of the Complaint.

95. Defendants deny Paragraph 103 of the Complaint.

96. Defendants deny Paragraph 104 of the Complaint.

97. Defendants deny Paragraph 105 of the Complaint.

98. Defendants deny Paragraph 106 of the Complaint.

99. Defendants restate and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 106 as though fully set forth herein and deny Paragraph 107 of the Complaint.

100. In response to Paragraphs 108 through 115, Defendants state that the allegations set forth in those paragraphs are allegations related to Plaintiff's Title IX retaliation claim the Court dismissed *[See Filing No. 26]*, to which no response is required, and therefore Defendants deny Paragraphs 108 through 115.

101. Defendants restate and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 115 as though fully set forth herein and deny Paragraph 116 of the Complaint.

102. Defendants deny Paragraph 117 of the Complaint.

103. Defendants deny Paragraph 118 of the Complaint.

104. Defendants deny Paragraph 119 of the Complaint, including the subsets contained therein.

105. Defendants deny Paragraph 120 of the Complaint.

106. Defendants deny Paragraph 121 of the Complaint.

107. Defendants restate and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 121 as though fully set forth herein and deny Paragraph 122 of the Complaint.

108. In response to Paragraphs 123 through 129, Defendants state that the allegations set forth in those paragraphs are allegations related to Plaintiff's Equal Protection Claim the Court dismissed *[See Filing No. 26]*, to which no response is required, and therefore Defendants deny Paragraphs 123 through 129.

109. Defendants restate and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 129 as though fully set forth herein and deny Paragraph 130 of the Complaint.

110. Defendants deny Paragraph 131 of the Complaint.

111. Defendants are not required to respond to Plaintiff's prayer for relief. To the extent a response is required, Defendants deny Plaintiff is entitled to any of the relief she seeks.

112. Defendants deny all allegations in Plaintiff's Complaint not specifically admitted or denied, except those which constitute an admission against Plaintiff's interest.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

1. Defendants affirmatively allege Plaintiff's Complaint fails to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

2. Defendants affirmatively allege that it, at all times, acted in good faith and without discriminatory motive.

#### THIRD AFFIRMATIVE DEFENSE

3. Defendants affirmatively allege Plaintiff's claims fail to the extent Plaintiff has failed to utilize and/or exhaust available remedies.

#### FOURTH AFFIRMATIVE DEFENSE

4. Defendants affirmatively allege that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to

otherwise avoid harm by not taking advantage of reporting procedures outlined in Defendants' policies.

**FIFTH AFFIRMATIVE DEFENSE**

5. Defendants affirmatively allege Plaintiff's claims fail to the extent that they are barred by the doctrines of acquiescence, consent, waiver, unclean hands, laches, and/or estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

6. Defendants affirmatively allege Plaintiff's claims are barred to the extent that they are untimely and/or barred by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Defendants affirmatively allege Plaintiff has failed to exercise reasonable diligence to mitigate her alleged damages, if any, and therefore Plaintiff's claim for damages is barred in whole or in part.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Defendants affirmatively allege any awarded damages must be reduced by any third-party payments made to Plaintiff for unemployment compensation or other compensation.

**NINTH AFFIRMATIVE DEFENSE**

9. Defendants affirmatively allege Defendants did not breach any duty or obligation that may have been owed to Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

10. Defendants, particularly Defendant Strickman, affirmatively allege Plaintiff's claims are barred by the doctrines of qualified immunity.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Defendants affirmatively allege Plaintiff lacks standing to assert a claim against Defendants under Title IX and under 42 U.S.C. 1983.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Defendants affirmatively allege that Plaintiff has failed to allege, and cannot show, any injury-in-fact in connection with her remaining claims.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that the same be dismissed, in its entirety and with prejudice, at Plaintiff's costs; that Defendants be awarded its costs expended herein, including reasonable attorney's fees; and that the Court award such other and further relief as it deems just and appropriate.

Dated this 19th day of January, 2022.

                           BOARD OF REGENTS OF THE
                           UNIVERSITY OF NEBRASKA, and
                           TAMIKO STRICKMAN, Defendants

By: /s/ Lily Amare
Susan K. Sapp #19121
Lily Amare #25735
Cline Williams Wright
  Johnson & Oldfather, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, NE 68508
(402) 474-6900
ssapp@clinewilliams.com
lamare@clinewilliams.com

        AND

Bren H. Chambers, #23150
Associate General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583-0745
402-472-1201
bchambers@nebraska.edu

**CERTIFICATE OF SERVICE**

      I hereby certify that on January 19, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties who have entered an appearance in this case as well as electronically transmitted.

| | |
|---|---|
| Karen Truszkowski<br>TEMPERANCE LEGAL GROUP, PLLC<br>503 Mall Court #131<br>Lansing, MI 48912<br>karen@temperancelegalgroup.com | Elizabeth K. Abdnour<br>ELIZABETH ABDNOUR LAW, PLLC<br>1146 S. Washington Ave., Ste. D7<br>Lansing, MI 48910<br>elizabeth@abdnour.com |

                                        /s/ Lily Amare
                                        Lily Amare

4878-6415-1306, v. 1