IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA; and individuals TAMIKO STRICKMAN and JOHN ROE, individually and in their official capacities; and OTHER UNIDENTIFIED DEFENDANTS;<br><br>   Defendants. | **CASE NO. 4:21-CV-3049** |

---

**BRIEF IN SUPPORT OF BRUN'S MOTION TO STRIKE JURY DEMAND**

---

Submitted by:

Susan K. Sapp, #19121
Lily Amare, #25735
CLINE WILLIAMS WRIGHT JOHNSON
 & OLDFATHER, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, Nebraska 68508
Telephone: (402) 474-6900
ssapp@clinewilliams.com
lamare@clinewilliams.com

AND

Bren H. Chambers, #23150
Deputy General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583-0745
402-472-1201
June 21, 2022    bchambers@nebraska.edu

Pursuant to Fed. R. Civ. P 12(f), the Board of Regents of the University of Nebraska ("BRUN" or "Board of Regents") respectfully submits this Brief in support of its Motion to Strike ("Motion") Plaintiff's demand for a jury trial in the Second Amended Complaint on her claim that BRUN violated Title IX (Count I of the Second Amended Complaint *[Filing No. 13]*).

## I. INTRODUCTION

On July 27, 2021, Plaintiff filed a Second Amended Complaint against BRUN and Strickman, among others, wherein she requests a jury trial on all of the claims. *[Filing No. 13]*. BRUN and Tami Strickman ("Strickman") filed a Motion to Dismiss and Strike, which was granted in part and denied in part. Particularly, only the following claims remain against BRUN and Strickman: against BRUN, Count I, Violation of Title IX, Deliberate Indifference to Sex Discrimination ("Title IX"), and against Strickman, in her individual capacity, violation of the Due Process Clause[1].

BRUN respectfully moves this Court to strike the jury demand in the Plaintiff's Second Amended Complaint on her claim that BRUN violated Title IX, because Plaintiff has no constitutional or statutory right to a jury trial on that claim. In a lawsuit against a state agency—which BRUN is—Plaintiff has a right to a jury trial ***only*** where the right is one of the terms of the government's consent to be sued, which waiver of immunity must be unequivocally expressed or clearly implied. There is no clear and express language waiving such immunity; hence, Plaintiff is not entitled to jury trial on her Title IX claim against BRUN.

---

[1] BRUN does not allege that the demand for jury trial for the claim against Strickman, in her individual capacity, should be stricken.

## II. ARGUMENT

Generally, the U.S. Supreme Court and the Eighth Circuit Court have held state entities enjoy sovereign immunity under the Eleventh Amendment and general state sovereign immunity, absent consent. *See Allen v. Cooper*, 140 S. Ct. 994, 1000 (2020) and *Church v. Missouri*, 913 F.3d 736, 742 (8th Cir. 2019). A state's sovereign immunity "derives both from common law tradition and constitutional design." *Carroll v. Douglas Cnty., Nebraska*, No. 8:21-CV-233, 2021 WL 4504334, at *6 (D. Neb. Oct. 1, 2021) (citing *Alden v. Maine*, 527 U.S. 706, 733 (1999).

BRUN as a state agency is entitled to state sovereign immunity under both the constitutional designs of the Eleventh Amendment to the U.S. Constitution and Nebraska Constitution, and common law. *See e.g. Doe v. Univ. of Nebraska*, 451 F. Supp. 3d 1062, 1101 (D. Neb. 2020) (holding BRUN and the University are entitled to sovereign immunity).

"A waiver of sovereign immunity is found only where stated by the most express language of a statute or by such overwhelming implication from the text as will allow no other reasonable construction." *Burke v. Bd. of Trustees of Nebraska State Colleges*, 302 Neb. 494, 502, 924 N.W.2d 304, 311 (2019). It is a well settled principle that "statutes purporting to waive the protection of sovereign immunity are to be ***strictly construed in favor of the sovereign and against waiver***." *Edwards v. Douglas Cty.*, 308 Neb. 259, 267-68 (2021) (emphasis added).

To determine whether a plaintiff is entitled to a jury trial, courts look to the statute itself. *Tull v. United States*, 481 U.S. 412, 417-418 (1987). "The pivotal issue is whether the statutory language underlying the Plaintiff's claims secures the right to a jury trial." *Casteel v. City of Crete*, No. 4:16CV3166, 2017 WL 3635184 at *3 (D. Neb. Aug. 23, 2017). "If the statute in question expressly provides for a jury trial, that is the end of the matter. If the statute is silent on the issue of jury trial, then it is necessary to inquire whether a jury trial

is constitutionally required under the Seventh Amendment." *Casteel*, 2017 WL 3635184, at *3 (quoting *Pandazides v. Va. Bd. of Educ.*, 13 F.3d 823, 827 (4th Cir. 1994)).

In *Buss v. Douglas*, 59 F.R.D. 334 (D. Neb. 1973), this Court considered a civil rights action under § 1983 brought by a plaintiff against a public official. The Court conducted a detailed analysis under the Seventh Amendment of the United States Constitution to determine whether the right to a trial by jury extended to actions brought under § 1983, which is silent as to whether lawsuits should be tried to a court or to a jury. *Id.* at 334. The Court held that, given the absence of any statutory language in § 1983 providing the right to a trial by jury, the plaintiff was not entitled to a trial by jury. *Id.* at 335-36.

*See also Carroll v. Douglas Cnty., Nebraska*, No. 8:21-CV-233, 2021 WL 4504334, at *6 (D. Neb. Oct. 1, 2021) (striking a jury demand for Section 1983 claims against Douglas County because Douglas County is entitled to sovereign immunity against trial by jury); *Villaneuva v. City of Scottsbluff*, No. 4:11CV3185, 2012 WL 45406 (D. Neb. Jan. 9, 2012) (finding no right to a jury trial on a § 1983 claim for negligent infliction of emotional distress because "since there was no common law right to sue the political subdivisions of the State of Nebraska, there was no Seventh Amendment right to a jury trial" (citing *Gragg v. City of Omaha*, 812 F. Supp. 991, 992–93 (D. Neb. 1993)); *Rohren v. Centennial Public School Dist. 67-R*, 2007 WL 4118942, 1 (D. Neb. Nov. 16, 2007) (striking plaintiff's jury demand in an ADEA and Section 198 action against a Nebraska public school); and *Frosh ex rel. Rohrbouck v. N. Platte Pub. Sch.*, No. 7:06 CV 5014, 2006 WL 3388642, at *2 (D. Neb. Nov. 21, 2006) (striking plaintiff's demand against North Platte Public Schools because there is no express waiver of jury trial).

In this case, the Plaintiff alleges violation of Title IX against BRUN, a state agency. Although a lawsuit may be brought under Title IX against the State and its agencies pursuant to 42 U.S.C.A. § 2000d-7, which provides a "state shall not be immune under the

Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of...section 504 of the Rehabilitation Act of 1973 [29 U.S.C. 794], title IX...by recipients of Federal financial assistance," there is no clear or express language in 42 U.S.C.A. § 2000d-7 or the general provisions of Title IX waiving sovereign immunity from jury trial.

In *Frosh ex rel. Rohrbouck v. N. Platte Pub. Sch.*, No. 7:06 CV 5014, 2006 WL 3388642, at *2 (D. Neb. Nov. 21, 2006), this Court addressed the issue of whether a North Platte Public Schools waived its sovereign immunity from jury trial in a lawsuit where the plaintiff alleged violation of Section 504 of the Rehabilitation Act of 1973, among other claims. The Court held there is no question that the defendant has waived sovereign immunity to the suit under Section 504 of the Rehabilitation Act of 1973 pursuant to 42 U.S.C. § 2000d–7—the same statute that addresses state immunity for claims under Title IX. *Id.* at *2. However, the Court held that "there is no provision in the Rehabilitation Act or the IDEA either imposing a waiver of sovereign immunity including a jury trial or even requiring trial by jury," and granted the Defendant's motion to strike jury demand with respect to this claim. *Id.*

Similarly in this case, there is no provision in Title IX or 42 U.S.C. § 2000d–7 either imposing a waiver of sovereign immunity including a jury trial or even requiring or addressing a trial by jury. Accordingly, Plaintiff is not entitled to a jury trial for the claim brought against BRUN, and their jury trial demand with respect to that claim should be stricken.

### III. CONCLUSION

BRUN respectfully requests that the Court grant its Motion to Strike Jury Demand with respect to the claim against BRUN.

Dated this 21st day of June, 2022.

                            BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA and TAMI STRICKMAN, individually and in her official capacity, Defendants

By:   /s/ Lily Amare
Susan K. Sapp #19121
Lily Amare #25735
Cline Williams Wright
  Johnson & Oldfather, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, NE 68508
(402) 474-6900
ssapp@clinewilliams.com
lamare@clinewilliams.com

AND

Bren H. Chambers, #23150
Associate General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583-0745
402-472-1201
bchambers@nebraska.edu

### CERTFICATE OF COMPLIANCE

I, Lily Amare, hereby certify that this Brief complies with the limits set forth in NECivR 7.1(d). Further, based on the Word Count function of Microsoft Word 2013 word processing software, applied to include all text, including the caption, headings, footnotes, and quotations, I certify this Brief contains 1636 words.

                            s/Lily /Amare
                            Lily Amare

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 21, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties who have entered an appearance in this case as well as electronically transmitted.

| | |
|---|---|
| Karen Truszkowski<br>TEMPERANCE LEGAL GROUP, PLLC<br>503 Mall Court #131<br>Lansing, MI 48912<br>karen@temperancelegalgroup.com | Elizabeth K. Abdnour<br>ELIZABETH ABDNOUR LAW, PLLC<br>1146 S. Washington Ave., Ste. D7<br>Lansing, MI 48910<br>elizabeth@abdnour.com |

/s/Lily /Amare
Lily Amare

4871-3528-1189, v. 1