**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

JANE DOE,

Plaintiff,

v.

BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA; and individuals TAMIKO STRICKMAN and JOHN ROE, individually and in their official capacities; and OTHER UNIDENTIFIED DEFENDANTS;

Defendants.

Case No. 4:21-cv-3049

Hon. John M. Gerrard

**PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE JURY DEMAND**

Karen Truszkowski
Bar Number: P56929 (MI)
TEMPERANCE LEGAL GROUP, PLLC
503 Mall Court #131
Lansing, MI 48912
Phone: (844) 534-2560
Fax: (800) 531-6527
Email: karen@temperancelegalgroup.com

Elizabeth K. Abdnour
Bar Number: 0081795 (OH), P78208 (MI)
ELIZABETH ABDNOUR LAW, PLLC
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
Phone: (517) 292-0067
Fax: (517) 709-7700
Email: elizabeth@abdnour.com

*Attorneys for Plaintiff*

## I. INTRODUCTION

On July 27, 2021, Plaintiff filed a Second Amended Complaint against BRUN and Strickman, among others, wherein she requested a jury trial on all her claims. ECF No. 13. BRUN and Tami Strickman ("Strickman") filed a Motion to Dismiss and Strike, which was granted in part and denied in part. The following claims remain: against BRUN, Count I, Violation of Title IX of the Education Amendments of 1972, Deliberate Indifference to Sex Discrimination ("Title IX"); against Strickman, in her individual capacity, violation of the Due Process Clause of the U.S. Constitution.

Defendants filed a Motion to Strike Jury Demand as to BRUN only. Defendants argue that BRUN enjoys sovereign immunity under the Eleventh Amendment and therefore is immune to a jury trial. However, Defendants have waived their right to sovereign immunity by accepting federal funds pursuant to Title IX, and that waiver extends to the full breadth of constitutional rights in Federal Court, including the right to a jury trial.

Defendants do not dispute that Plaintiff made her request for a jury trial properly and in a timely fashion. They argue that BRUN is a state entity and is therefore entitled to sovereign immunity under the Eleventh Amendment and that because statutory language does not explicitly provide Plaintiff with a right to a jury trial, she is not entitled to such. This argument fails for the reasons detailed below, and Plaintiff respectfully requests that Defendants' Motion to Strike Jury Demand be denied.

## II. ARGUMENT

The Seventh Amendment of the Constitution of the United States provides plaintiffs in federal court with the right to a jury trial, one of the hallmarks of the U.S. judicial system. "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. "Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care." *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 501, (1959)(quoting *Dimick v. Schiedt*, 293 U.S. 474, 486 (1935)).

In *U.S. v. Schoenborn*, 860 F.2d 1448, 1455 (8th Cir. 1988), the Eighth Circuit Court of Appeals held: "Fed. R. Civ. P. 39(a) provides that when a jury demand has been filed there shall

be a jury trial unless 'the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the Constitution or statutes of the United States.'" *Id.* at 1455. Here, Plaintiff properly filed a jury demand and no statutory language barring a plaintiff the right to a jury trial with respect to her claims exists.

The issue of sovereign immunity waiver with respect to Title IX claims is addressed in 42 U.S.C. 2000d-7 as part of the Rehabilitation Act Amendments of 1986, Pub. L. No. 99-506, tit. X, §1003, 100 State. 1845:

> A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C. 794], title IX of the Education Amendments of 1972 [20 U.S.C. 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C. 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C. 2000d et seq.], or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

Pursuant to Section 2000d-7: "In a suit against a State for a violation of a statute referred to in paragraph (1), remedies (including remedies both at law and in equity) are available for such a violation to the same extent as such remedies are available for such a violation in the suit against any public or private entity other than a State." *Id*. Congress made clear that, by accepting federal funds, a state entity waives its immunity under the Eleventh Amendment. Because Defendants waived their Eleventh Amendment immunity by accepting federal funds, the language of the Seventh Amendment applies.

Defendants argue that there is no language in Title IX or 42 U.S.C. § 2000d–7 explicitly providing the right to a jury trial or requiring a trial by jury. Defendants are correct. However, in *Tull v. United States*, 481 U.S. 412 (1987), the United States Supreme Court held that a plaintiff is entitled to a jury trial if some or all the relief they seek is legal in nature. In *Curtis v. Loether*, 415 U.S. 189 (1974), an action brought to remedy claims of violations of Title VIII of the Civil

Rights Act of 1964—a statute that, like Title IX, does not explicitly provide the right to a jury trial—the Supreme Court held that "the Seventh Amendment does apply to actions enforcing newly enacted statutory rights so long as they are 'analogous' to those that could have been brought at law in 18th–century England." *Id*. at 195-6. The Supreme Court has interpreted "common law" to mean "not merely suits, which the common law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained and determined…." *Parsons v. Bedford*, 28 U.S. 433, 446-7 (1830). Further, "The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law." *Curtis*, 415 U.S. at 195-6.

Defendants' argument relies heavily on *Frosh ex rel. Rohrbouck v. N. Platte Pub. Sch*., No. 7:06 CV 5014, 2006 WL 3388642, at *2 (D. Neb. Nov. 21, 2006). However, in *Rohrbouck*, this Court's holding was based on the determination that "even though the wrongful conduct is alleged as a violation of the Rehabilitation Act and/or the IDEA, the action is one under the Tort Claims Act." *Id. at 3.* This Court's opinion goes on to identify specific language in the Tort Claims Act that "all suits brought under the Political Subdivisions Tort Claims Act…shall be determined in the same manner as if the suits involved private individuals, except that such suits shall be heard and determined by the appropriate court without a jury." *Id*. This is an important distinction, as the claim at issue falls under Title IX and not the Tort Claims Act. Title IX is silent with respect to the right to a jury trial. Thus, the present matter is easily distinguishable from *Rohrbouck*.

The Eighth Circuit Court of Appeals addressed the question of a plaintiff's right to a jury trial when such was not explicitly stated in statutory language in *Kampa v. White Consol. Industries, Inc*., 115 F.3d 585 (8th Cir. 1997). In *Kampa*, "[Plaintiff] moved for reconsideration

of the district court's order based upon our decision in Gipson v. KAS Snacktime Co., 83 F.3d 225, 230-31 (8th Cir.1996), wherein we held that the Seventh Amendment guaranteed a jury trial to a plaintiff seeking damages in federal court under the Missouri Human Rights Act." *Id.* at 585. The *Kampa* court held that, because the plaintiff sought compensatory and punitive damages, reinstatement, costs, and attorneys' fees, she was seeking legal remedies. The court relied on the Supreme Court's findings in *Curtis v. Loether*:

> …we have considered the applicability of the constitutional right to jury trial in actions enforcing statutory rights "as a matter too obvious to be doubted." [Katchen v. Landy, 382 U.S. 323, 86 S.Ct.] 467 F.2d, at 1114. Although the Court has apparently never discussed the issue at any length, we have often found the Seventh Amendment applicable to causes of action based on statutes. See, e.g., Dairy Queen, Inc. v. Wood, 369 U.S. 469, 477, 82 S.Ct. 894, 899, 8 L.Ed.2d 44 (1962) (trademark laws); Hepner v. United States, 213 U.S. 103, 115, 29 S.Ct. 474, 479, 53 L.Ed. 720 (1909) (immigration laws); cf. Fleitmann v. Welsbach Street Lighting Co., 240 U.S. 27, 36 S.Ct. 233, 60 L.Ed. 505 (1916) (antitrust laws), and the discussion of Fleitmann in Ross v. Bernhard, 396 U.S. 531, 535 536, 90 S.Ct. 733, 736—737, 24 L.Ed.2d 729 (1970). Whatever doubt may have existed should now be dispelled. The Seventh Amendment does apply to actions enforcing statutory rights, and requires a jury trial upon demand, if the statute creates legal rights and remedies, enforceable in an action for damages in the ordinary courts of law.

*Curtis*, 415 U.S. at 194-5. As the U.S. District Court for the District of New Jersey held in *Reiner v. State of N.J.*, 732 F. Supp. 530 (D.N.J. 1990):

> "…the Eleventh Amendment and the principle of state sovereignty which it embodies…are necessarily limited by the enforcement provisions of § 5 of the Fourteenth Amendment." Congress has the power to abrogate state immunity and authorize suits against a state in federal court. Rather, it seems reasonable to conclude that if the state can be sued in federal court the plaintiff must be afforded the full range of constitutional rights he or she would have against any other defendant.

*Id.* at 535, quoting *Fitzpatrick v. Bitzer*, 427 U.S. 445 (1976). Applying the logic of *Reiner*, Plaintiff should have the same rights as she would against any other defendant, including the right to a jury trial.

This Court has already found that Plaintiff has the right to bring her Title IX claim against BRUN. As her complaint makes clear, she has requested legal remedies. Therefore, BRUN is not entitled to sovereign immunity with respect to being subject to a jury trial. Defendants' argument that, because the statutes in question do not explicitly address the right to a jury trial, a plaintiff filing a claim under those statutes is not entitled to such is not a new argument and has been considered by numerous courts, including the Eighth Circuit Court of Appeals and the U.S. Supreme Court. Those courts have come to exactly the opposite conclusion.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendants' Motion to Strike Jury Demand.

DATED: July 19, 2022

Respectfully submitted,

**s/ Karen Truszkowski**
Bar Number: P56929 (MI)
TEMPERANCE LEGAL GROUP, PLLC
503 Mall Court #131
Lansing, MI 48912
Telephone: (844) 534-2560
Fax: (800) 531-6527
Email: karen@temperancelegalgroup.com

**s/ Elizabeth K. Abdnour**
Bar Numbers: 0081795 (OH), P78203 (MI)
ELIZABETH ABDNOUR LAW, PLLC
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
Telephone: (517) 292-0067
Email: elizabeth@abdnour.com

*Attorneys for Plaintiff*

**PROOF OF SERVICE**

I hereby certify that on July 19, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

**s/ Elizabeth K. Abdnour**
ELIZABETH ABDNOUR LAW, PLLC
Attorney for Plaintiff