IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>   Plaintiff,<br><br> vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA; and individuals TAMIKO STRICKMAN and JOHN ROE, individually and in their official capacities; and OTHER UNIDENTIFIED DEFENDANTS;<br><br><br>   Defendants. | **CASE NO. 4:21-CV-3049** |

---

**REPLY BRIEF IN SUPPORT OF DEFENDANT BRUN'S
MOTION TO STRIKE PLAINTIFF'S JURY DEMAND**

---

Submitted by:

Susan K. Sapp, #19121
Lily Amare, #25735
CLINE WILLIAMS WRIGHT JOHNSON
 & OLDFATHER, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, Nebraska 68508
Telephone: (402) 474-6900
ssapp@clinewilliams.com
lamare@clinewilliams.com

AND

Bren H. Chambers, #23150
Deputy General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583-0745
402-472-1201
bchambers@nebraska.edu

Dated:  July 26, 2022

1

Pursuant to FED. R. CIV. P. 12(f), the Board of Regents of the University of Nebraska ("BRUN" or "Board of Regents") respectfully submits this Reply Brief in support of its Motion to Strike ("Motion") Plaintiff's demand for a jury trial in the Second Amended Complaint on her claim that BRUN violated Title IX (Count I of the Second Amended Complaint *[Filing No. 13]*).

## I.    INTRODUCTION

The law is clear. In a lawsuit against a state agency, Plaintiff has a right to trial by jury only where the right is ***one of the terms*** of the government's consent to be sued, which waiver of immunity must be unequivocally expressed or clearly implied.

Plaintiff admits that there is no clear and express language in the 42 U.S.C.A. § 2000d-7 or general provisions of Title IX waiving sovereign immunity from jury trial.

## II.    ARGUMENT

Plaintiff admits Title IX does not explicitly provide the right to a jury trial. *[Filing No. 41, pp. 4]*. Rather, she relies on Supreme Court cases and Eighth Circuit case that broadly discuss the general right and importance of the right to jury trial to argue she is entitled to a jury trial.

It is correct that the U.S. Supreme Court has held the right to jury trial "extends to statutory claims unknown to the common law, so long as the claims can be said to 'sound basically in tort,' and seek legal relief." *City of Monterey*, 526 U.S. 687, 709 (1999) (quoting *Curtis v. Loether*, 415 U.S. 189, 195–96 (1974)).

However, the analysis does not stop there. In *City of Monterey*, the Supreme Court outlined a two-pronged analysis for determining whether the Seventh Amendment requires a jury trial pursuant to a statutory cause of action, such as Plaintiff's Title IX case. *Id.* at 708. First, the Court asks whether the cause of action was "tried at law at the time of the

2

founding or is at least analogous to one that was." *Id.* (quoting *Markman v. Westview Instruments, Inc.,* 517 U.S. 370, 376 (1996)). Second, "[i]f the action in question belongs in the law category, then [inquiry is] whether the particular trial decision must fall to the jury in order to preserve the substance of the common-law right as it existed in 1791." *Id.*

Plaintiff failed to analyze these prongs to reach a proper conclusion about whether Plaintiff's Title IX claim is entitled to a jury trial pursuant to the Seventh Amendment. To the extent Plaintiff is arguing that Title IX is not a claim that sounds in tort *[See Filing No. 41 at pp. 4]* and if the Court agrees with her, that means Plaintiff cannot meet the first prong.

In this case, even if Plaintiff's Title IX action would arise at common law—i.e., the Title IX claim is analogous to a tort claim at common law—Plaintiff's Title IX claim still fails to satisfy the second prong because of the common-law doctrine of sovereign immunity. It is clear that there is no historical right to a jury trial against the State. *See Casteel,* 2017 WL 3635184, at *3 (quoting *Jacobsen v. Shresta,* 288 Neb. 615, 624 (2014) ("Under Nebraska law, there was no historical right to a jury trial against the State or its political subdivisions 'because of the common-law doctrine of sovereign immunity, and the related common-law doctrine of governmental immunity.'"); *Buss v. Douglas,* 59 F.R.D. 334, 336 (D. Neb. 1973) ("At common law no action for damages, exemplary or otherwise, lay against public officials acting in their official capacities as agents of the sovereign."). *See also Carroll v. Douglas County,* 8:21CV233, 2021 WL 4504334, at *6 (D. Neb. Oct. 1, 2021) (holding plaintiff's suit under Section 1983 against Douglas County, a political subdivision of Nebraska, would be contrary to the common-law right to a jury as it existed in 1791 because Douglas County would enjoy sovereign immunity); and *Alden v. Maine,* 527 U.S. 706, 733 (1999) (stating that State sovereign immunity derives both from common law tradition and constitutional design).

Accordingly, because no right to a jury trial existed under the common law against the sovereign, there is no right to a jury trial for Plaintiff's claim under Title IX by virtue of the Seventh Amendment.

In addition, to the extent the Plaintiff implies Nebraska waived its sovereign immunity via the State Tort Claims Act, that is incorrect. Nebraska did not waive sovereign immunity for state agencies via the State Tort Claims Act. The Act expressly states that "actions of this nature be heard **without a jury** but otherwise determined in the same manner as other suits." NEB. REV. STAT. § 81-8,214. *See also* *Saporta v. State*, 220 Neb. 142, 368 N.W.2d 783 (1985) (holding same). Therefore, Plaintiff is not entitled to jury on her Title IX claim against BRUN.

### III.    CONCLUSION

BRUN respectfully requests that the Court grant its Motion to Strike Jury Demand with respect to the claim against BRUN.

Dated this 26th day of July, 2022.

BOARD OF REGENTS OF THE
UNIVERSITY OF NEBRASKA and TAMI
STRICKMAN, individually and in her
official capacity, Defendants

By:   /s/ Lily Amare
      Susan K. Sapp #19121
      Lily Amare #25735
      Cline Williams Wright
        Johnson & Oldfather, L.L.P.
      1900 U.S. Bank Building
      233 South13th Street
      Lincoln, NE 68508
      (402) 474-6900
      ssapp@clinewilliams.com
      lamare@clinewilliams.com

            AND

      Bren H. Chambers, #23150
      Deputy General Counsel
      University of Nebraska
      3835 Holdrege Street
      Lincoln, NE 68583-0745
      402-472-1201
      bchambers@nebraska.edu

## CERTFICATE OF COMPLIANCE

I, Lily Amare, hereby certify that this Brief complies with the limits set forth in NECivR 7.1(d). Further, based on the Word Count function of Microsoft Word 2013 word processing software, applied to include all text, including the caption, headings, footnotes, and quotations, I certify this Reply Brief contains 1,149 words.

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties who have entered an appearance in this case as well as electronically transmitted.

Karen Truszkowski                          Elizabeth K. Abdnour
TEMPERANCE LEGAL GROUP, PLLC               ELIZABETH ABDNOUR LAW, PLLC
503 Mall Court #131                        1146 S. Washington Ave., Ste. D7
Lansing, MI 48912                          Lansing, MI 48910
karen@temperancelegalgroup.com             elizabeth@abdnour.com


                                           /s/Lily /Amare
                                           Lily Amare

4858-1461-8922, v. 1
                                5