UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE, | Case No. 4:21-cv-3049 |
| Plaintiff, | Hon. John M. Gerrard |
| v. | |
| BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA; and individuals TAMIKO STRICKMAN and JOHN ROE, individually and in their official capacities; and OTHER UNIDENTIFIED DEFENDANTS; | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION TO COMPEL REMOTE VIDEOCONFERENCING
DEPOSITION OF PLAINTIFF**

Plaintiff Jane Doe, through undersigned counsel, respectfully submits this memorandum in support of her Motion to Allow Remote Videoconferencing Depositions of Plaintiff ("Motion"), requesting that this Court issue an order requiring her December 12, 2022, deposition to occur remotely by videoconferencing.

**A. Factual Background**

1. This matter involves one plaintiff, located in Austin, Texas.

2. After conferring with Plaintiff regarding her availability, Defendants noticed her deposition for December 12, 2022, in Omaha, Nebraska. *See* Exhibit 1, Notice of Deposition.

3. Plaintiff has conferred with Defendants to request their consent to depose her remotely via videoconference and has provided Defendants with her rationale for the request to proceed

1

with remote depositions. *See* Exhibit 2, Plaintiff's email to Defendants, dated September 23, 2022.

4. Plaintiff is concerned about her mental and psychological health if she were to return to Nebraska, the location where she was sexually assaulted and harassed by a former supervisor and professor over the course of years.

5. Plaintiff was further traumatized by Defendants' failure to properly respond to her reports of abuse by her assailant, which claims form the basis of this case.

6. Plaintiff left Nebraska in 2017 and has not returned to the state since.

7. After Plaintiff left Nebraska in 2017, she was invited several times to visit by friends who were still living there, but she declined their invitations due to her

8. Plaintiff will suffer mental, emotional, and psychological distress if made to return to the state where her years long abuse occurred for this deposition.

9. Plaintiff is also concerned about unnecessary exposure to COVID-19 if forced to travel.

10. Defendants have refused to agree to allow Plaintiff to be deposed remotely.

11. Defendants provided the following reasons for refusing a remote deposition:

    a. That plaintiffs "must" appear in person for legal proceedings, with the only exception being that appearing in person would impose an unduly heavy burden;

    b. That remote depositions preclude the questioning party's ability to assess plaintiff's credibility via nonverbal responses and facial expressions;

    c. That the deposition needs to be in person because of the existence and use of 100 pages of exhibits; and

    d. That Plaintiff's concerns about COVID-19 are "baseless."

*See* Exhibit 3, Defendants' letter to Plaintiff, dated October 3, 2022.

### B. Applicable Law

Federal Rule of Civil Procedure 30(b)(4) states that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." If parties do not stipulate to remote depositions, a party can file a motion pursuant to Rule 30(b)(4). Rule 30(b)(4) does not require good cause for a court to grant the motion, but "appears to leave it to the court's broad discretion over discovery to determine whether there is a legitimate reason to take a deposition by telephone or other remote means under all the facts and circumstances of a given case." *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, 2020 WL 3469166, at *13 (N.D. Ill. June 25, 2020). In the last few years, "conducting depositions remotely has become the 'new normal.'" *Grupo Petrotemex, S.A. De C.V. v. Polymetrix AG*, No. 16-cv-2401 (SRN/HB) (D. Minn. July 23, 2020) (citing *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 at *6).

Aside from concerns related to the pandemic, as a general matter, "[a] district court has very wide discretion in handling pretrial discovery . . . ." *Hill v. Sw. Energy Co.*, 858 F.3d 481, 484 (8th Cir. 2017). Furthermore, "[g]enerally, leave to take depositions by remote means should be granted liberally." *List v. Carwell*, Case No. 18-cv-2253, at *15 (DSD/TNL (D. Minn. Oct. 8, 2020) (citing *Swenson v. GEICO Cas. Co.*, No. 2:19-cv-01639-JCM-NJK, ___F.R.D.___, 2020 WL 4815035, at *2 (D. Nev. Aug. 19, 2020)); *see also In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637, at *7 (citing cases). There are two issues for a court considering granting a motion for remote depositions:

> First, the proponent must advance a legitimate reason for seeking a remote deposition. Second, if that foundational showing is made, then the burden shifts to the opposing party to make a particularized showing that conducting the deposition by remote means would be prejudicial.

3

*Id.* (citing *Swenson*, No. 2:19-cv-01639-JCM-NJK at *2); *see also H & T Fair Hills, Ltd. v. All. Pipeline L.P.*, Civ. No. 19-1095 (JNE/BRT) (D. Minn. Sep. 14, 2020), (applying the test and finding that remote depositions should be required). "Cases in this area are heavily fact dependent." *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 at *12.

Legitimate reasons for a remote deposition include health concerns related to the COVID-19 pandemic and reducing the risk of transmitting COVID-19. *See H & T Fair Hills, Ltd.,* Civ. No. 19-1095 at *2. Health concerns not related to the pandemic are also legitimate. *See e.g.*, *List v. Carwell*, Case No. 18-cv-2253, at *20 (finding that a party's recent heart attack and complications were legitimate reasons for ordering a remote deposition). Other concerns, such as a desire to save money, can also be a legitimate reason to require remote depositions. *See In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 at *13.

A mere preference for in-person depositions does not satisfy the second factor requiring a showing that a remote deposition would be prejudicial. "If the lack of being physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless." *H & T Fair Hills, Ltd.,* Civ. No. 19-1095 at *7 (citing *Rouviere v. DePuy Orthopaedics, Inc.*, 471 F.Supp.3d 571 (S.D. N.Y. 2020)). Courts have also rejected a party's discomfort with technology and alleging difficulty with preparation as prejudicial. *See In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 at *5-6.

Additionally, the fact that the parties are not in the same room during remote depositions is also not prejudicial. "Technology has improved such that counsel can observe witnesses rather closely; the size of the video display can be increased to further help counsel see the testifying witness better." *H & T Fair Hills, Ltd.,* Civ. No. 19-1095 at *7. Technology has also empowered parties to handle document-intensive depositions remotely. "A 'document laden' or 'document

intensive' deposition is therefore 'not an obstacle to a successful remote videoconference deposition.'" *Id*. (citing *Rouviere*, 471 F.Supp.3d at 575).

### C. Application and Analysis

Defendants cite a 2010 case to argue that "a plaintiff is required to make itself available for a deposition in the District in which the suit commenced. . ." *See* Exhibit 3 (citing *Moore v. Nebraska Beef, Ltd.*, No. 8:09-CV-00399-LSC, 2010 WL 3584390, at *1 (D. Neb. Sept. 7, 2010)). However, as noted above, Eighth Circuit courts have more recently established that "[g]enerally, leave to take depositions by remote means should be granted liberally." *List v. Carwell*, Case No. 18-cv-2253, at *15. Furthermore, deliberations for a Rule 30(b)(4) motion are fact-heavy, and the ruling is within the Court's broad discretion. *See In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 at *12; *see also Hill v. Sw. Energy Co.*, 858 F.3d at 484.

Health concerns have been found to be a legitimate basis for granting an order for remote depositions. *See H & T Fair Hills, Ltd.,* Civ. No. 19-1095 at *2; *List v. Carwell*, Case No. 18-cv-2253, at *20; *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 at *13. In the present case, many of the health concerns are psychological. Forcing Plaintiff to travel to Nebraska would be emotionally and psychologically burdensome. Plaintiff was sexually assaulted, stalked, and harassed for years in Nebraska and returning to the state for a deposition would force her to relive traumas related to her abuse. Additionally, Plaintiff has valid concerns about unnecessary exposure to COVID-19 and related health risks.

Defendants do not argue that any of their reasons for denying Plaintiff's request prove that a remote deposition would be prejudicial to Plaintiff. They simply point to various cases that have disallowed remote depositions, many pre-pandemic. Defendants rely primarily on *Huddleston v. Bowling Green Inn. of Pensacola, LLC*, a 2019 Northern District of Florida case, to argue that

5

remote depositions preclude the ability to assess Plaintiff's credibility and the ability to determine whether the plaintiff is being coached. *See* Exhibit 3 (citing *Huddleston v. Bowling Green Inn. of Pensacola, LLC*, 333 F.R.D. 581 (N.D. Fla. 2019). However, it is important to note that in *Huddleston*, the plaintiff was requesting that the deposition be conducted via telephone, rather than videoconferencing. *Id*. The logic and concerns cited in *Huddleston* diverge significantly from those in this case. Additionally, as noted above, other courts–in the Eighth Circuit–have held that current videoconferencing technology allows for the questioning party to see the deposed party sufficiently clearly, and other assurances that no other parties are in the room off-camera can be made. Defendants argue that this is a document-heavy discovery process. But as noted above, other courts have not found this to necessitate an in-person deposition. See *H & T Fair Hills, Ltd.,* Civ. No. 19-1095 at *7; *see also Rouviere*, 471 F.Supp.3d at 577. Further, most discovery processes in federal litigation are document heavy. Counsel for Plaintiffs have engaged in numerous remote depositions over the past three years in which exhibits have been successfully shown to witnesses via videoconference. In some cases, exhibits were more easily shared as the deponent could easily be directed to look at the screen rather than shuffling through piles of paper. In the present matter, Defendant Strickman has already been successfully deposed via videoconferencing by Plaintiff. Finally, the 1000 pages of documents cited by Defendants as an obstacle are all already in electronic format as they were produced for discovery in that manner.

Defendants argue that Plaintiff's concerns about COVID-19 are "baseless." *See* Exhibit 3. However, the pandemic is still ongoing; travel and long hours in close quarters present a risk, regardless of vaccination status; and vaccines do not prevent COVID-19 but rather simply may reduce the severity of symptoms if one becomes ill with the virus. *See* Gabor David Kelen, M.D. and Lisa Maragakis, M.D., M.P.H., *COVID-19 Vaccine: What You Need to Know*, JOHNS HOPKINS

6

MEDICINE (July 28, 2022), https://www.hopkinsmedicine.org/health/conditions-and-diseases/coronavirus/covid-19-vaccine-what-you-need-to-know.

Plaintiff has shown legitimate reasons for holding the deposition remotely: psychological and emotional concerns connected with location, and concerns about exposure to COVID-19. Defendants have not clearly shown how a remote deposition would be prejudicial to Defendants. In situations where a party has shown a legitimate interest in remote depositions and the opposing party has not shown that remote depositions would be prejudicial, the court should grant the motion. *See generally In re Broiler Chicken Antitrust Litig*., No. 1:16-cv-08637; *see also Swenson*, No. 2:19-cv-01639-JCM-NJK.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order granting her Motion, together with any other relief the Court deems just and equitable.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant her Motion and order her deposition to be conducted remotely by videoconferencing, as opposed to traveling for an in-person deposition.

Dated: October 13, 2022

Respectfully submitted,

s/ Karen Truszkowski
Bar Number: P56929 (MI)
TEMPERANCE LEGAL GROUP, PLLC
503 Mall Court #131
Lansing, MI 48912
Telephone: (844) 534-2560
Fax: (800) 531-6527
Email: karen@temperancelegalgroup.com

s/ Elizabeth K. Abdnour
Bar Numbers: 0081795 (OH), P78203 (MI)
ELIZABETH ABDNOUR LAW, PLLC
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
Telephone: (517) 292-0067
Fax: (517) 709-7700
Email: elizabeth@abdnour.com

*Attorneys for Plaintiff*

## CERTFICATE OF COMPLIANCE

I, Elizabeth Abdnour, hereby certify that this Brief complies with the limits set forth in NECivR 7.1(d). Further, based on the Word Count function of Microsoft Word for Mac word processing software, applied to include all text, including the caption, headings, footnotes, and quotations, I certify this Brief contains 2054 words.

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record.

                                            **s/ Elizabeth K. Abdnour**
                                            ELIZABETH ABDNOUR LAW, PLLC
                                            Attorney for Plaintiff