

Elizabeth Abdnour <elizabeth@abdnour.com>

## Request for remote deposition - response requested

**Elizabeth Abdnour** <elizabeth@abdnour.com>                                    Fri, Sep 23, 2022 at 2:26 PM
To: Lily Amare <lamare@clinewilliams.com>, "Susan K. Sapp" <ssapp@clinewilliams.com>, Bren Chambers <bchambers@nebraska.edu>
Cc: Karen Truszkowski <karen@temperancelegalgroup.com>, ▮

Hello all,

Thank you for providing us with a notice of deposition for ▮. I am writing to you to formally request that this deposition occur remotely.

▮ was harassed and abused extensively in Nebraska by John Roe. ▮ left Nebraska in 2018 and has not returned to the state since. Returning for a deposition would force her to relive traumas related to her harassment. Defendants acknowledged that ▮ was extensively abused and harassed through their finding of responsibility for violation of UNL's Title IX policy against John Roe.

▮ is concerned about her mental and psychological health if she were to return to Nebraska. ▮ will suffer mental, emotional, and psychological distress if made to return to the state where her years long abuse occurred for this deposition. Finally, ▮ is concerned about unnecessary exposure to Covid-19 and related health risks.

Federal Rule of Civil Procedure 30(b)(4) states that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." "Generally, leave to take depositions by remote means should be granted liberally." *List v. Carwell*, Case No. 18-cv-2253, at *15 (DSD/TNL (D. Minn. Oct. 8, 2020) (citing *Swenson v. GEICO Cas. Co*., No. 2:19-cv-01639-JCM-NJK,___F.R.D.___, 2020 WL 4815035, at *2 (D. Nev. Aug. 19, 2020)); *see also In re Broiler Chicken Antitrust Litig*., No. 1:16-cv-08637, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020) (citing cases).

There are two issues for a court considering granting a motion for remote depositions:

> First, the proponent must advance a legitimate reason for seeking a remote deposition. Second, if that foundational showing is made, then the burden shifts to the opposing party to make a particularized showing that conducting the deposition by remote means would be prejudicial.

*Id*. (citing *Swenson*, No. 2:19-cv-01639-JCM-NJK at *2); *see also H & T Fair Hills, Ltd. v. All. Pipeline L.P*., Civ. No. 19-1095 (JNE/BRT) (D. Minn. Sep. 14, 2020).

Legitimate reasons for a remote deposition include health concerns related to the COVID-19 pandemic and reducing the risk of transmitting COVID-19. *See H & T Fair Hills, Ltd*., Civ. No. 19-1095 at *2. Health concerns not related to the pandemic are also legitimate. *See List v. Carwell*, Case No. 18-cv-2253, at *20 (finding that a party's recent heart attack and complications were legitimate reasons for ordering a remote deposition). A desire to save money can also be a legitimate reason to require remote depositions. *In re Broiler Chicken Antitrust Litig*., No. 1:16-cv-08637 at *13.

The preference for in-person depositions is not prejudicial. "If the lack of being physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless." *H & T Fair Hills, Ltd*., Civ. No. 19-1095 at *7 (citing *Rouviere v. DePuy Orthopaedics, Inc*., No. 1:18-cv-04814(LJL)(SDA), 2020 WL 3967665, at *4 (S.D.N.Y July 11, 2020). Courts have also rejected a party's discomfort with technology and alleging difficulty with preparation as prejudicial. *See In re Broiler Chicken Antitrust Litig*., No. 1:16-cv-08637 at *5-6.

Given the above information, please advise as to whether Defendants are willing to agree to a remote deposition of ▮ ▮. Please respond by **Friday, September 30, 2022**, so ▮ may file a motion with the Court if necessary in time for the matter to be resolved prior to the scheduled deposition date of December 12, 2022.

Thanks,
Liz Abdnour

--

**Elizabeth Abdnour**



Attorney at Law
Pronouns: she/her/hers

elizabeth@abdnour.com

P: (517) 292-0067 | F: (517) 709-7700

Elizabeth Abdnour Law, PLLC | www.abdnour.com
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915

NOTICE: This email and any attachments are confidential and may be protected by one or more legal privileges. It is intended solely for the use of the intended addressee. If you are not the intended recipient, any use, disclosure, copying or distribution of this email is unauthorized. Nothing in this message is intended to constitute an electronic signature unless a specific statement to the contrary is included in this message. If you have received this email in error, please immediately notify the sender by calling (517) 292-0067 and delete this email from your computer.