IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA; and individuals TAMIKO STRICKMAN and JOHN ROE, individually and in their official capacities; and OTHER UNIDENTIFIED DEFENDANTS;<br><br>        Defendants. | **CASE NO. 4:21-CV-3049** |

**BRIEF IN OPPOSITION OF PLAINTIFF'S MOTION TO COMPEL**

Submitted by:

Susan K. Sapp, #19121
Lily Amare, #25735
CLINE WILLIAMS WRIGHT JOHNSON
   & OLDFATHER, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, Nebraska 68508
Telephone: (402) 474-6900
ssapp@clinewilliams.com
lamare@clinewilliams.com

       AND

Bren H. Chambers, #23150
Deputy General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583-0745
402-472-1201
October 27, 2022           bchambers@nebraska.edu

**EVIDENCE ATTACHED TO AND HYPERLINKED WITHIN DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**

1. Affidavit of Lily Amare in Support of Defendants' Brief in Opposition to Plaintiff's Motion to Compel ("Aff. of Amare"), attaching:

| | |
|---|---|
| EXHIBIT A: | Excerpt of Plaintiff's Answers to Interrogatories. |
| EXHIBIT B: | Email from Plaintiff's Counsel on September 23, 2022. |
| EXHIBIT C: | Letter from Defendants' counsel dated October 3, 2022. |
| EXHIBIT D: | Summary of Guidance for Minimizing the Impact of COVID-19 on Individual Persons, Communities and Health Care Systems. |
| EXHIBIT E: | Douglas County Health Department – Home. |

The Board of Regents of the University of Nebraska ("BRUN" or "Board of Regents") and Tami Strickman ("Ms. Strickman"), collectively "Defendants," respectfully submit this Brief in Opposition to Plaintiff's Motion to Compel [Filing No. 48].

## I.    BACKGROUND

### A. PLAINTIFF'S ALLEGATIONS AGAINST BRUN AND STRICKMAN

On July 27, 2021, Plaintiff, a former student at the University of Nebraska— Lincoln ("UNL"), filed a lawsuit in the U.S District for the District of Nebraska against BRUN and Strickman, et al. Therein, Plaintiff alleges John Roe ("Roe"), a Professor in the Department of Mechanical and Materials Engineering and Plaintiff's advisor until June of 2016, sexually harassed and retaliated against her. [Filing No. 13, ¶ 1, 51, 56, 67]. Particularly, Plaintiff alleges Roe kissed her in December of 2015, tried to hug her, told her he loved her, kicked her legs in the summer of 2015, and sent her unsolicited texts and emails of a sexual nature. [Filing No. 13, ¶ 45, 49, 50]. Plaintiff also alleged Roe removed the Plaintiff from first author to second author in retaliation of her rejection of his sexual advance. [Filing No. 13, ¶ 47].

Plaintiff further alleges that she was harassed by Roe in March of 2017 when he said "hello with smile" and gave her "disturbing looks," and in September of 2017 when Roe responded to an email that already included Plaintiff as one of the recipients stating "Thanks [name redacted (name other than Plaintiff)] for looking into this." [See Filing No. 13, ¶ 62, 1-19, 1-22, 1-23]. Plaintiff alleges she reported these incidents to BRUN. Plaintiff then sued BRUN and Strickman asserting various claims.

After BRUN and Strickman filed a Motion to Dismiss and Strike, which was granted in part and denied in part, the following claims remain against BRUN and Strickman: against BRUN, Count I, Violation of Title IX, Deliberate Indifference to Sex

Discrimination ("Title IX"), and against Strickman, in her individual capacity, violation of the Due Process Clause. [See Filing No. 26]. This Court did dismiss the claims to the extent based on Defendants' conduct occurring prior to February 28, 2017 because they were time-barred but declined to strike the allegations about conduct that occurred prior to February 28, 2017 "as it may be admissible as relevant background to later discriminatory acts...." [Filing No. 26 at 23].

### B. DISCOVERY AND NOTICE OF DEPOSITION TO DEPOSE PLAINTIFF

The Parties have since engaged in discovery and exchanged over a thousand pages of documents. [Aff. of Amare, ¶ 4, 5]. Defendants also plan to produce additional documents and recordings to the Plaintiff in response to the discovery requests propounded by the Plaintiff. [Aff. of Amare, ¶ 6].

Defendants are preparing to take the deposition of Plaintiff and noticed the deposition to occur in Defendants' counsel's office located in Omaha, Nebraska, in accordance with FED. R. CIV. P. 30(b)(1). [Filing No. 50]. Plaintiff then requested the deposition occur remotely. [Aff. of Amare, Ex. B]. In a letter dated October 3, 2022, Defendants declined to do so and provided a thorough explanation for their position. [Aff. of Amare, Ex. C].

## II. ARGUMENT

### A. DEFENDANTS HAVE A PRESUMPTIVE ENTITLEMENT TO DEPOSE PLAINTIFF IN THE VERY FORUM SHE CHOSE TO BRING SUIT

Rule 30(b)(4) remote depositions, even if allegedly "the new normal," are the exception to in-person Rule 30(b)(1) depositions of Plaintiff. Courts within the Eighth Circuit, including this Court, have consistently held "there is a well-recognized, general rule that a plaintiff is required to make itself available for a deposition in the District in

which the suit was commenced, because the plaintiff has chosen the forum voluntarily, and should expect to appear there for any legal proceedings, whereas the defendant, ordinarily, has had no choice in selecting the action's venue." *Moore v. Nebraska Beef, Ltd.*, No. 8:09-CV-00399-LSC, 2010 WL 3584390, at *1 (D. Neb. Sept. 7, 2010) (citations omitted). The exception to this general rule is "when the plaintiff can make a compelling showing that its application would impose an unduly heavy burden." *Id.*

*See also Johnson v. Ben E. Keith Co.,* No. 4:18-CV-00340-KGB, 2019 WL 13212427, at *1 (E.D. Ark. May 16, 2019); *Ferrari v. Best Buy Co.*, No. CV 14-2956 (DWF/FLN), 2015 WL 13935533, at *1 (D. Minn. Dec. 2, 2015); *Garrison v. Conagra Foods Packaged Food, LLC,* No. 4:12-CV-00737-SWW, 2014 WL 11395836, at *1 (E.D. Ark. Jan. 22, 2014); *Sun Life Assur. Co. of Canada v. Kumm,* No. 8:08CV290, 2010 WL 432253, at *2 (D. Neb. Jan. 29, 2010); *Spencer-Flournoy v. Clark,* No. 08-761-W-FJG, 2009 WL 1473951, at *1 (W.D. Mo. May 27, 2009); and *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota,* 187 F.R.D. 578, 588 (D. Minn. 1999).

Plaintiff erroneously relies on cases[1] where the question was whether leave to take a deposition remotely filed by the party who is taking ***the*** deposition should be granted. [Filing No. 49 at 3]. In that scenario, Plaintiff correctly states that courts have held leave to take remote depositions should be granted liberally, and the test is whether there is a legitimate reason provided by the party proposing to take the deposition by remote means. *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2020 WL

---

[1] *List v. Carwell*, No. 18-CV-2253 (DSD/TNL), 2020 WL 5988514, at *5 (D. Minn. Oct. 9, 2020); *In re Broiler Chicken Antitrust Litig.*, No. 1:16-CV-08637, 2020 WL 3469166, at *7 (N.D. Ill. June 25, 2020).

3469166, at *7 (N.D. Ill. June 25, 2020). But that holding and standard do not apply here because the Defendants—the parties planning on taking the deposition of Plaintiff—are not the ones who filed the motion for leave to depose her remotely. To the contrary, Defendants want to conduct the deposition of Plaintiff—a pivotal witness—in-person.

The in-person deposition of a key witness like the Plaintiff in this case is important. See *Huddleston v. Bowling Green Inn. of Pensacola*, LLC, 333 F.R.D. 581 (N.D. Fla. 2019). In *Huddleston,* the Court denied the plaintiff's request to be deposed remotely and reasoned:

> Relatively unimportant witnesses typically can be deposed telephonically or via videoconference without causing prejudice to either party. But plaintiff is not a mere witness. She is the party alleging intentional discrimination on the basis of her sex, and her testimony likely will be a key piece of evidence for both parties. If feasible, a defendant generally should be afforded an opportunity to depose such a plaintiff in person.

*Huddleston,* 333 F.R.D. at 586. In *Huddleston,* the court found that a remote deposition precluded the ability to assess the plaintiff's credibility with in-person confrontation and assessment of the plaintiff's demeanor, affect, nonverbal responses, and facial expressions. *Id.* (citing *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 602 (D. Kan. 2012)). Remote depositions do not allow the parties to ascertain whether a deponent is being coached, or answers are being provided, and unnecessarily complicate the process of displaying exhibits to a deponent. *Huddleston,* 333 F.R.D. at 587. Also, witnesses will more readily yield admissions to a live questioner. *Id. See also Edwards v. Thomas*, No. 4:19-CV-4018, 2021 WL 8316970, at *2 (W.D. Ark. Nov. 18, 2021) (holding it is "undeniable" remote depositions impact a counsel's ability to examine the "demeanor, tone, and body language" of the witness and further impacting their ability to cross examine).

**B. PLAINTIFF FAILED TO DEMONSTRATE AND PROVIDE EVIDENCE THAT APPEARING IN-PERSON FOR HER DEPOSITION WOULD IMPOSE AN UNDULY HEAVY BURDEN**

As stated above, the exception to the general is "when the plaintiff can make a compelling showing that its application would impose an unduly heavy burden, or that the overall efficiency of the discovery process would be better served by deposing the plaintiff ... outside of the forum District." *Ferrari v. Best Buy Co.*, No. CV 14-2956 (DWF/FLN), 2015 WL 13935533, at *1 (D. Minn. Dec. 2, 2015).

Plaintiff posits two arguments as to why the deposition should be conducted remotely: (1) Plaintiff will suffer mental, emotional, and psychological distress if made to return to the state where the alleged harassment has occurred; and (2) Plaintiff is concerned about unnecessary exposure to COVID-19 and related health risks. [See Filing No. 49 at 2].

***First***, all of Plaintiff's allegations, except for the allegation related to the exchange in October of 2022 between Plaintiff's counsel and Defendants' counsel, are without any evidentiary citations in violation of this Court's Local Rules. NECivR 7.1(b)(2)(A) provides:

> If a motion requires the court to consider any factual matters not stated in the pleadings, when filing the supporting brief the moving party must also file and serve supporting evidentiary materials not previously filed. A factual assertion in the motion and the supporting brief must cite to the pertinent page of the pleading, affidavit, deposition, discovery material, or other evidence on which the moving party relies.

"The brief *must not* recite facts unless supported as stated in Nebraska Civil Rule 7.1(b)(2)." NECivR 7.1(a)(1)(A). Because Plaintiff's Brief does not comply with these rules and there is no support for the arguments she proffers, Defendants respectfully ask this Court not to consider the unsupported assertions made in the Brief and deny the motion on that basis.

7

***Second***, Plaintiff fails to provide any evidence or reasonable rationale for the purported effect coming to Nebraska will have on Plaintiff's mental and psychological health. As stated above, this is a Title IX and due process claim based on alleged harassment Plaintiff suffered. This Court has determined that Plaintiff may be able to rely on her allegations of harassment, even those that allegedly occurred outside of the statute of limitations, to support her case. Therefore, Defendants plan to fully question the Plaintiff about the alleged harassment regardless of whether the deposition is in Nebraska or elsewhere. And, Plaintiff fails to show or explain why the location of the deposition would have a special effect on Plaintiff's mental health that would also not be present during a remote deposition as the topic of harassment is going to be explored with Plaintiff.

Nevertheless, in an attempt to accommodate the Plaintiff, Defendants' counsel plan on traveling from their primary offices located in Lincoln, Nebraska to hold the deposition in Omaha, Nebraska, which is 51.8 miles from the University Plaintiff attended (approximately one hour drive), with no chance of the alleged perpetrator being present as he is not a party[2] to this case. [Aff. of Amare, ¶ 7 – 8]. Plaintiff attended UNL, which is located in Lincoln, Nebraska. [Filing No. 13, ¶ 1]. The alleged harassment occurred in Lincoln, Nebraska. [Filing No. 13, ¶ 17]. In Plaintiff's own words, "the events giving rise to this lawsuit occurred in the city of Lincoln, Nebraska, County of Lancaster, which sits in the federal District of Nebraska." [Filing No. 13, ¶ 17]. Therefore, Plaintiff's argument that travelling to a city where none of the alleged harassment occurred would affect her emotionally and psychologically is unconvincing.

---

[2] Although John Roe is named as Defendant, there is no proof of service filed with this Court. [See Docket].

***Finally***, general concerns regarding COVID-19, without specific evidentiary support, are not good cause to order remote deposition. *See Manley v. Bellendir,* No. 18-cv-1220-EFM-TJJ, 2020 WL 2766508, at *2 (D. Kan., May 28, 2020) ("general concerns regarding COVID-19," without evidentiary support, do not establish "good cause" for a witness specific remote deposition). *See also In re Broiler Chicken Antitrust Litig.,* No. 1:16-CV-08637, 2020 WL 3469166, at *8 (N.D. Ill. June 25, 2020) ("To be clear, this is not a blanket ruling that the COVID-19 pandemic alone justifies the taking of remote depositions in all cases and under all circumstances.").

In the present case, Defendants are unaware of any health risks, injuries or infirmities from which Plaintiff suffers. In fact, in her Answers to the Interrogatories propounded on her, when asked to identify medical providers she visited the past ten years, Plaintiff identified only the UNL health center, which she visited for "basic visits like eyes or a cold." [Aff. of Amare, Ex. A]. Nor did Plaintiff provide any supporting evidence to Defendants prior to filing or in support of this Motion to Compel.

In addition, the Centers for Disease Control ("CDC") has stated people need not stay at least six feet of each other and recommends wearing a mask only in areas where community transmission is high or if the person is at high risk of severe illness. [Aff. of Amare, Ex. D at 1057]. The Douglas County COVID-19 Community Level is low as of October 21, 2022. [Aff. of Amare, ¶ 14]. In addition, vaccines are now widely available and highly protective. [Aff. of Amare, Ex. D at 1057].

Regardless, Defendants have the capability to maintain a six-feet distance between Plaintiff and the attorneys who will be attending the deposition at the proposed venue in Omaha, Nebraska. [Aff. of Amare, ¶ 8]. *See Nasuti v. Walmart, Inc.,* No. 5:20-CV-05023-LLP, 2021 U.S. Dist. LEXIS 107274 (D.S.D June 8, 2021) (declining the

request for remote deposition because vaccines for COVID-19 are now widely available and the Centers for Disease Control guidelines state that it is safe to be within six feet of each other and not wear facemasks; even without a vaccine, adequate safety precautions during the deposition would suffice).

Despite COVID-19 concerns, remote depositions may not be granted in instances where the testimony is key to the issues presented—such as Plaintiff's testimony in this case. *Edwards v. Thomas*, No. 4:19-CV-4018, 2021 WL 8316970, at *2 (W.D. Ark. Nov. 18, 2021 (holding "some trial courts have been unwilling to permit remote depositions, despite the COVID-19 pandemic, in instances where the testimony is key to the issues presented and the case has been subject to multiple discovery disputes."). *See also Pruco Life Insurance Co. v. California Energy Development Inc.*, No. 3:18-cv-02280-DMS-AHG, 2021 U.S. Dist. LEXIS 209840, 2021 WL 5043289 (S.D. Cal. Oct. 29, 2021); *Yan v. Zhou*, 18-cv-4673(GRB)(JMW), 2021 U.S. Dist. LEXIS 169128, 2021 WL 4059478 (E.D.N.Y., Sep. 7, 2021).

Plaintiff is a key witness in this case. It is important for Defendants' counsel to examine Plaintiff in-person and be able to examine the demeanor tone and body language of Plaintiff and be able to utilize exhibits from the over 1,000 pages of documents exchanged between the Parties. Plaintiff did commence this lawsuit in this forum, and Defendants respectfully ask she be available for her deposition in her chosen forum.

### III. CONCLUSION

Defendants respectfully request that the Court deny the Plaintiff's Motion to Compel.

Dated this 27th day of October, 2022.

                                    BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA and TAMI STRICKMAN, individually and in her official capacity, Defendants

By:   /s/ Lily Amare
       Susan K. Sapp #19121
       Lily Amare #25735
       Cline Williams Wright
        Johnson & Oldfather, L.L.P.
       1900 U.S. Bank Building
       233 South 13th Street
       Lincoln, NE 68508
       (402) 474-6900
       ssapp@clinewilliams.com
       lamare@clinewilliams.com

                AND

       Bren H. Chambers, #23150
       Deputy General Counsel
       University of Nebraska
       3835 Holdrege Street
       Lincoln, NE 68583-0745
       402-472-1201
       bchambers@nebraska.edu

## CERTFICATE OF COMPLIANCE

I, Lily Amare, hereby certify that this Brief complies with the limits set forth in NECivR 7.1(d). Further, based on the Word Count function of Microsoft Word 2013 word processing software, applied to include all text, including the caption, headings, footnotes, and quotations, I certify this Brief contains 2,730 words.

                                    s/Lily /Amare
                                    Lily Amare

**CERTIFICATE OF SERVICE**

  I hereby certify that on October 27, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties who have entered an appearance in this case as well as electronically transmitted.

| | |
|---|---|
| Karen Truszkowski | Elizabeth K. Abdnour |
| TEMPERANCE LEGAL GROUP, PLLC | ELIZABETH ABDNOUR LAW, PLLC |
| 503 Mall Court #131 | 1146 S. Washington Ave., Ste. D7 |
| Lansing, MI 48912 | Lansing, MI 48910 |
| karen@temperancelegalgroup.com | elizabeth@abdnour.com |

                /s/Lily /Amare
                Lily Amare

4871-4164-0505, v. 3