SCOTT D. KELLY
MARK A. CHRISTENSEN
RICHARD P. GARDEN, JR.
SUSAN K. SAPP
KEVIN J. SCHNEIDER
ROCHELLE A. MULLEN
TRENTEN P. BAUSCH
MICHAEL C. PALLESEN
RICHARD P. JEFFRIES
TRACY A. OLDEMEYER
TRENT R. SIDDERS
ANDRE R. BARRY
DAVID J. ROUTH
JASON R. YUNGTUM
MEGAN S. WRIGHT
THERESA D. KOLLER
AUSTIN L. MCKILLIP
KEITH T. PETERS
ANDREW R. WILLIS
TARA A. STINGLEY
SEAN D. WHITE
MICHELLE L. SITORIUS
MICHAEL J. WHALEY
RUSSELL J. SPRAGUE
RENEE A. EVELAND
HENRY L. WIEDRICH
DANIEL W. OLDENBURG
ADAM W. BARNEY
GREGORY S. FRAYSER
JENNIE A. KUEHNER
TRAVIS W. TETTENBORN
BEAU B. BUMP
SHANNON E. FALLON
CRISTIN M. MCGARRY
KATIE A. JOSEPH

# CLINE WILLIAMS
## WRIGHT JOHNSON & OLDFATHER, L.L.P.
ATTORNEYS AT LAW
ESTABLISHED 1857
233 SOUTH 13TH STREET
1900 U.S. BANK BUILDING
LINCOLN, NEBRASKA 68508-2095
(402) 474-6900
www.clinewilliams.com

October 3, 2022

LILY AMARE
JOHN F. ZIMMER, V
NATHAN D. CLARK
PAUL B. DONAHUE
ALISON JANECEK BORER
SYDNEY M. HUSS
BRITTNEY M. HOLLEY
LINCOLN J. KORELL
ISAIAH J. FROHLING
CHRISTOPHER B. GREENE
JESSICA K. ROBINSON
AARON N. GOODMAN
JEREMIAH J. PERKINS
NATHANIAL T. HEIMES
HARRISON J. KRATOCHVIL
EVAN D. RUNGE
KIMBERLY A. DUGGAN

STEPHEN E. GEHRING
L. BRUCE WRIGHT
ROBERT J. ROUTH
DAVID R. BUNTAIN
JOHN C. MILES
THOMAS C. HUSTON
DON R. JANSSEN
GARY R. BATENHORST
RICHARD A. SPELLMAN
DAVID O. COLVER†
DONALD F. BURT (INACTIVE)
STEPHEN H. NELSEN (INACTIVE)
TERRY R. WITTLER (INACTIVE)

†ATTORNEYS ADMITTED IN COLORADO ONLY

**VIA EMAIL ONLY**

Karen Truszkowski,
TEMPERANCE LEGAL GROUP, PLLC
503 Mall Court #131
Lansing, MI 48912
karen@temperancelegalgroup.com

Elizabeth K. Abdnour
ELIZABETH ABDNOUR LAW, PLLC
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
elizabeth@abdnour.com

**EXHIBIT C**

RE:   Jane Doe v. Board of Regents, et al.
      Deposition of Plaintiff

Dear Karen and Elizabeth:

We are writing in response to your emailed request for Plaintiff's deposition to occur remotely. You stated in your email that you are requesting for the deposition to occur remotely for two reasons: (1) Plaintiff is concerned her mental and psychological health will be tarnished if she were to return to the state where her assault occurred; and (2) Plaintiff is concerned about unnecessary exposure to COVID-19 and related health risks. We respectfully decline the offer to hold the deposition remotely.

Plaintiff is not a mere witness in this case and is required to make herself available in the district in which she filed her lawsuit—the U.S. District Court for the District of Nebraska. The U.S. District Court for the District of Nebraska explicitly held:

> There is a well-recognized, general rule that a plaintiff is required to make itself available for a deposition in the District in which the suit was commenced, because the plaintiff has chosen the forum voluntarily, and should expect to appear there for any legal proceedings, whereas the defendant, ordinarily, has had no choice in selecting the action's venue.

12910 PIERCE STREET
SUITE 200
OMAHA, NE 68144-1105
(402) 397-1700

1207 M STREET
P.O. BOX 510
AURORA, NE 68818
(402) 694-6314

215 MATHEWS STREET
SUITE 300
FORT COLLINS, CO 80524
(970) 221-2637

131 W. EMERSON STREET
HOLYOKE, CO 80734
(970) 854-2264

October 3, 2022
Page 2

*Moore v. Nebraska Beef, Ltd.*, No. 8:09-CV-00399-LSC, 2010 WL 3584390, at *1 (D. Neb. Sept. 7, 2010) (citations omitted). The exception to this general rule is "when the plaintiff can make a compelling showing that its application would impose an unduly heavy burden." *Id.*

**First,** Plaintiff's reasoning that she is concerned with her mental and psychological health if she visits Nebraska is unpersuasive. In her Complaint, Plaintiff alleges BRUN was deliberately indifferent to Title IX and that Strickman violated her Due Process in violation of Section 1983. Particularly with the Title IX matter, Plaintiff will be asked questions about the alleged sexual harassment faced. As such, whether she is here in Nebraska for her deposition or elsewhere, she is going to need to provide testimony about the alleged sexual assault.

Moreover, at all relevant times, Plaintiff attended the University of Nebraska-Lincoln (located in Lincoln, Nebraska). The alleged individual who allegedly sexually assaulted her also taught at the University of Nebraska—Lincoln (located in Lincoln, Nebraska). In contrast, this deposition is scheduled to occur in Omaha, Nebraska—which is exactly 51.8 miles from the University Plaintiff attended (approximately 1 hour drive), with no chance of the alleged perpetrator being present as he is not a party to this case.

It is crucial is to understand the importance of an in-person deposition of a party plaintiff. The Court's analysis in *Huddleston v. Bowling Green Inn. of Pensacola*, LLC, 333 F.R.D. 581 (N.D. Fla. 2019) highlights the importance. In *Huddleston,* the Court in denying the plaintiff's request for remote deposition reasoned:

> Relatively unimportant witnesses typically can be deposed telephonically or via videoconference without causing prejudice to either party. But plaintiff is not a mere witness. She is the party alleging intentional discrimination on the basis of her sex, and her testimony likely will be a key piece of evidence for both parties. If feasible, a defendant generally should be afforded an opportunity to depose such a plaintiff in person.

*Huddleston,* 333 F.R.D. at 586. In *Huddleston,* the court found that a remote deposition precluded the ability to assess the plaintiff's credibility with in-person confrontation and assessment of the plaintiff's demeanor, affect, nonverbal responses, and facial expressions. *Id.* (citing *Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 602 (D. Kan. 2012)). Remote depositions do not allow the parties to ascertain whether a deponent is being coached, or answers are being provided, and unnecessarily complicate the process of displaying exhibits to a deponent. *Huddleston*, 333 F.R.D. at 587. Also, witnesses will more readily yield admissions to a live questioner. *Id. See also Edwards v. Thomas*, No. 4:19-CV-4018, 2021 WL 8316970, at *2 (W.D. Ark. Nov. 18, 2021) (holding it is "undeniable" remote depositions impact a counsel's ability to examine the "demeanor, tone, and body language" of the witness and further impacting their ability to cross examine).

October 3, 2022
Page 3

In this case, there is a combined 1000-page document exchanged between the parties, and the Defendants expect to utilize and refer to many exhibits. The Defendants also want a full opportunity to face the Plaintiff and observe demeanor, affect and nonverbal responses.

**Second,** Plaintiff's concern about unnecessary exposure to COVID-19 and related health risks is also baseless. Courts have denounced such reasoning because vaccines for COVID-19 are now widely available and the Centers for Disease Control guidelines state that it is safe to be within six feet of each other and not wear facemasks. *Nasuti v. Walmart, Inc.*, No. 5:20-CV-05023-LLP, 2021 U.S. Dist. LEXIS 107274 (D.S.D June 8, 2021). Even without a vaccine, adequate safety precautions during the deposition would suffice. *Id.*

Despite COVID-19 concerns, remote depositions may not be granted in instances where the testimony is key to the issues presented—such as Plaintiff's testimony in this case. *Edwards v. Thomas*, No. 4:19-CV-4018, 2021 WL 8316970, at *2 (W.D. Ark. Nov. 18, 2021). The Court in Edwards further cites the following cases in support: *Pruco Life Insurance Co. v. California Energy Development Inc.*, No. 3:18-cv-02280-DMS-AHG, 2021 U.S. Dist. LEXIS 209840, 2021 WL 5043289 (S.D. Cal. Oct. 29, 2021); *Yan v. Zhou*, 18-cv-4673(GRB)(JMW), 2021 U.S. Dist. LEXIS 169128, 2021 WL 4059478 (E.D.N.Y., Sep. 7, 2021).

The same holds true for this matter. We have vaccines, resources, and accommodations to offer a safe environment for Plaintiff's deposition. Plaintiff has not shown she is poor in health or at high risk for COVID-19 health concerns. Additionally, Plaintiff serves as a key witness to this case and if this case is to proceed to trial, her presence would be expected and required by the court.

Based on the thorough reasoning set forth above, we respectfully ask you make Plaintiff available for in-person deposition in our Omaha office.

Sincerely,

*Lily Amare*

Lily Amare
For the Firm

CC:   Bren Chambers
      Susan K. Sapp

4878-0375-6085, v. 1