## Response to Allegations of Employee Sexual Misconduct

**1.   Sexual Misconduct and Retaliation Prohibited**

Rape, acquaintance rape, domestic violence, dating violence, sexual assault, sexual harassment and stalking are against the law and are unacceptable behaviors under University of Nebraska policy. These unacceptable behaviors are hereafter referred to as sexual misconduct. Retaliation against the Complainant or a third party in an attempt to prevent or otherwise obstruct the reporting or remediation of sexual misconduct is prohibited.

**2.   Scope**

**Employee as used in this response includes all University faculty, staff, and other personnel within the categories defined by §§ 3.1.1 through 3.1.3 of the *Bylaws of the Board of Regents of the University of Nebraska* whether full or part time.**

**3.   Complaints of Sexual Misconduct**

a.   Any person—including a university official—can complain of sexual misconduct of or by a University employee. Complaints of sexual misconduct may be made using the University's internal processes at the same time that criminal complaints or charges are pursued with the appropriate law enforcement or external agencies. University internal investigation and disciplinary proceedings are independent of any criminal or external investigation. Sexual misconduct proceedings will be conducted by trained University officials to provide a prompt, fair, and impartial process from initial investigation to the final result.

b.   A complaint of sexual misconduct by or against a University employee can be made to the Human Resource Officer or Title IX Coordinator of the major administrative unit where the misconduct occurred or where the affected employee or accused employee works. The University will investigate reported allegations of sexual misconduct and may take appropriate action even if the person allegedly subject to misconduct or Complainant does not wish to pursue formal charges. Any response by the University may be hindered by person's or Complainant's desire for anonymity and/or inaction.

c.   No process implemented under this Sexual Misconduct Procedure shall be open to the public. The accuser and the accused are entitled to the same opportunities to have others present during an Informal Resolution or Formal Hearing subject to conditions established by the University-designated Investigator or Hearing Officer. Witnesses may be sequestered and attendance at Informal Resolution or Formal Hearing proceedings may be restricted to the Complainant, Respondent and advisors.

CONFIDENTIAL                                                                                                                   BRUN 0710

d.   Any allegations of any other violations of University conduct standards in addition to allegations of sexual misconduct that are directly related to the alleged sexual misconduct can be considered by an Investigator or Hearing Officer.  Findings of sexual misconduct or other conduct violations shall be made using the greater weight of the evidence standard.  The burden of proof shall rest upon the party making the claim.

e.   Evidence which possesses probative value commonly accepted by reasonably prudent persons in the conduct of their affairs may be admitted and given probative effect.  Incompetent, irrelevant, immaterial, and unduly repetitious evidence should be excluded. The rules of privilege recognized by law shall be given effect. Evidence that would not be admissible in a State Court criminal proceeding by reason of the method or manner in which it was acquired shall not be admitted.

**4.   Protective Measures**

a.   Regardless of whether a person subjected to sexual misconduct chooses to report an incident of sexual misconduct as a crime to university police or security or local law enforcement, the University may provide interim protective measures.  If  interim protective measures are requested, and they are reasonably available, the University may provide assistance in changing academic, living, transportation, and working situations.  Alterations may be made to the work assignments and conditions of a University employee accused of sexual misconduct as an interim protective measure while an investigation is pending or before a hearing is concluded.

b.   Protective measures that the University may offer following an allegation of sexual misconduct include the following: "no contact" orders, changing work schedules or work stations, reporting relationships.

**5.   Investigation of Allegations**

a.   An Investigator shall be assigned to conduct an investigation to determine if the allegation(s) of sexual misconduct have merit.  Investigations of the allegations should be concluded within sixty (60) calendar days of receipt of a report, and may be permitted a longer completion period under extraordinary circumstances, but both parties must be informed in writing of the extension of the timeline.

b.   If the investigation determines it is more likely than not that sexual misconduct or other prohibited behavior did not occur, the complaint may be dismissed without further proceedings.  If both the Complainant and the Respondent agree to the dismissal, the complaint is resolved without any further rights of appeal by either party. If the Complainant objects, he or she may appeal the dismissal decision to the person designated to review

CONFIDENTIAL                                                                                                                                       BRUN 0711

dismissals within seven (7) University business days. Findings of fact made by the Investigator shall be accepted unless clearly erroneous. The designated reviewer will either affirm the investigative determination to dismiss, or refer the complaint for further proceedings. The designated reviewer's decision of the appeal will be final.

c.   If the investigation concludes with a finding that it is more likely than not that sexual misconduct occurred, the investigative report should include sanction recommendations. The claim may be resolved through Informal Resolution or following a Formal Hearing.

d.   After the fact-finding investigation, the accuser, the accused employee, and appropriate university officials shall be given timely access to any information that will be used during Informal Resolution and/or Formal Hearing proceedings.

**6.   Informal Resolution**

Both the Complainant and the Respondent may elect to dispose of the claim by Informal Resolution.  Participation in Informal Resolution may not be required of either party. An Informal Resolution conference will be scheduled not less than three (3), or more than fourteen (14) University business days after the investigation is complete.  The Respondent may elect to acknowledge his or her actions and take responsibility.  The Investigator could propose a resolution and an appropriate sanction.  If both the Complainant and the Respondent agree to the proposed sanction, the complaint is resolved without a Formal Hearing.  Informal Resolution procedures may be discontinued at the request of any participant, or terminated by the Investigator.  When a claim of sexual misconduct against an employee is not concluded through Informal Resolution, a Formal Hearing by a Hearing Officer must be held.

**7.   Formal Hearings**

a.   Formal Hearing will determine whether sexual misconduct occurred or not.

b.   Charges shall be presented to the Respondent and the Complainant in written form by a University official within seven (7) University business days after the investigation is complete.

c.   Both the Respondent and the Complainant have a right to confidentiality during sexual misconduct proceedings to the fullest extent possible.  The duty of confidentiality shall also extend to all persons involved in a Formal Hearing.

d.   In all cases, whether the Respondent presents evidence or not, the evidence in support of the allegations shall be presented and considered. The

CONFIDENTIAL                                                                                                      BRUN 0712

Respondent may not be found to have committed sexual misconduct solely because Respondent failed to participate in a Formal Hearing.

e.   A Respondent and the Complainant have the right to inspect all documents used as evidence and a list of all witnesses for the Formal Hearing in advance of the hearing.

f.   Both Respondent and Complainant have a right to prepare a written statement in advance of a Formal Hearing. Both parties will have the right to view each other's statement.

g.   The Complainant and the Respondent have the right to be assisted by any advisor they choose, including legal counsel, at their own expense.

>   i.   The role of the advisor is limited. The only appropriate role for the advisor is to provide advice to the party who has requested his/her presence in a manner which does not disturb Formal Hearing.  If an advisor fails to act in accordance with these guidelines, he/she may be barred from participation in the proceedings.

h.   A Respondent and the Complainant have the right to hear all evidence, present evidence, testify, and to hear and submit questions for witnesses during formal hearings.

>   i.   Questions shall be addressed to the Hearing Officer, who will determine if the question is appropriate, and then ask the witness.

i.   Sexual misconduct proceedings should be completed in a reasonably prompt time frame.

j.   If sexual misconduct is found by a greater weight of the evidence to have occurred, the Hearing Officer will recommend that the University official authorized to do so impose or seek to impose sanctions.

k.   A Respondent and the Complainant have the right to be notified of the decision rendered.  Any initial, interim, and final decision to resolve disciplinary matters must include a statement of any University sanctions imposed together with the rationale for the decision.

**8.   Possible Employment Sanctions**

a.   The types of sanctions that are possible as the result of a sexual misconduct disciplinary proceeding are:

>   i.   verbal warning;

CONFIDENTIAL                                                                                         BRUN 0713

|      |       |                                         |
|------|-------|-----------------------------------------|
|      | ii.   | written warning;                        |
|      | iii.  | transfers;                              |
|      | iv.   | completion of mandatory conditions;     |
|      | iv.   | suspension without pay;                 |
|      | vi.   | nonrenewal or non-reappointment;        |
|      | vii.  | loss of rank or position;               |
|      | viii. | denial of salary increase;              |
|      | ix.   | activity termination;                   |
|      | x.    | demotion in rank or pay;                |
|      | xi.   | termination of employment;              |
|      | ix.   | ban on University re-employment.        |

b. Sanctions i-vii may be imposed in combination with one another.

**9. Definitions**

Unless otherwise provided, the definitions found in section 6 of The University of Nebraska Sexual Misconduct Policy, R.P. 2.1.8, apply to this statement of policy and procedure for response to allegations of employee sexual misconduct.

2014 0904 0757 final Employee Sexual Misconduct Procedures CAC

CONFIDENTIAL                                                                                       BRUN 0714